IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

OWNERS INSURANCE COMPANY,

                Plaintiff,              Case No. 3:10 CV 116

    -vs-

                                  MEMORANDUM OPINION

JOHN BARONE, II, et al.,

                Defendant.

KATZ, J.

Defendant moves for dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(1) based on a lack of subject-matter jurisdiction; specifically, Defendant alleges that Plaintiff fails to establish diversity jurisdiction. Also before the Court are Plaintiff's opposition (Doc. No. 11) and Defendant's reply (Doc. No. 12) thereto. For the reasons stated below, Defendant Barone's motion is not well taken.

**I. BACKGROUND**

On January 19, 2010, Owners Insurance Company ("Plaintiff"), a Michigan corporation, filed a complaint (Doc. No. 1) in which it named John Barone II ("Defendant"), Jessica Merritt, and Devil's Lake Water Sports, Inc. (DLWS) as Defendants. Defendant, Jessica Merritt, and DLWS reside in Ohio, Florida and Michigan, respectively. (Doc. No. 1).

On June 27, 2008, Defendant John Barone II entered into an agreement with Devils Lake Water Sports to purchase a boat, which was not covered by his homeowners' insurance policy (issued by Plaintiff). (Doc. No. 1, ¶9). As per the June 27 purchase agreement, Defendant was to pay for the boat in full by September 1, 2008; Plaintiff would, however, deliver the boat in June. (Doc. No. 1, ¶ 2). On July 31, 2008, Defendant was operating the boat when Defendant Jessica Merritt was injured while using the boat. (Doc. No. 1, ¶3). Merritt informed Defendant that she

planned to sue for damages arising out of her injury (Doc. No. 1, ¶ 4); on August 12, 2008, Defendant contacted his insurance agent to inform them for the first time that he had purchased a boat and wanted to add the boat to his insurance policy. Defendant also indicated that there had been a loss involving the new boat. On the date of Merritt's injury, the boat was not covered by any insurance policy, including the homeowner's policy issued by Plaintiff. (Doc. No. 1, ¶ 5).

Defendant Barone claims that he was not the owner of boat at the time of Merritt's injury, and that DLWS is the technical owner of the boat as Defendant Barone had not yet paid for the boat. (Doc. No. 1, ¶ 8).

Defendant Barone filed a Motion to Dismiss this action for lack of diversity jurisdiction on April 2, 2010. (Doc. No. 9). On April 5, 2010, Plaintiff filed a Notice of Dismissal of DLWS, the Michigan corporation, as a Defendant under Fed. R. Civ. P. 41(a)(1). (Doc. No. 10). This Court terminated DLWS as a party to this action on April 8, 2010. On July 22, 2010, the Court granted Plaintiff's motion for default judgment against Defendant Merritt (Doc. No. 21).

## II. DISCUSSION

*A. Voluntary Dismissal.*

Defendant Barone asserts that defendant DLWS was a real party in interest[1] and not subject to dismissal from the litigation.

Under Fed. R. Civ. Pro 41(a), a party may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(I). A party may drop a non-diverse and dispensable party

---

[1] A real party in interest is also defined as an "indispensable party." *See* 4 James Wm. Moore, et al., MOORE'S FEDERAL PRACTICE § 17.10[1] (3rd ed. 2010).

in order to achieve diversity at any time, even after judgment has been rendered. *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763 (6th Cir. 1999) (citation omitted). See also, 3 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 15.16[1], p. 15-64 (3d. ed. 2010).

To determine whether a party is necessary or indispensable, courts determine whether a party should be joined under Rule 19(a). *Soberay Mach. & Equipment Co.*, 181 F.3d at 763-764.

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a)(1). If a party is not indispensable, Plaintiff may voluntarily dismiss that party from the action before an answer or motion for summary judgment is filed.

*B. DLWS is a dispensable party to this action.*

Plaintiff argues that Defendant DLWS is not an indispensable party to this action; Defendant asserts the contrary. Under Rule 19(a)(1), the question becomes whether in DLWS's absence complete relief cannot be granted between Plaintiff and Defendant Barone. In this declaratory judgment action, Plaintiff seeks a ruling that it has no duty to indemnify or defend under the policy issued to Defendant Barone. DLWS was not a party to that policy. While DLWS may have an interest in the subject boat it "sold" to Defendant Barone, a legal determination on Plaintiff's duty (or lack thereof) to Defendant Barone is not dependent upon the presence of DLWS in this litigation. Under Rule 19(a)(2), the Court further finds that a disposition in DLWS's absence does not impede its ability to protect that interest nor does it raise substantial

3

risk of inconsistent obligations because the litigation at issue concerns a legal duty based upon an insurance contract as between Plaintiff and Defendant Barone. *See e.g., Bertin USA Corp. v. Spradling*, 2010 WL 750310 (S.D. Fla. 2010) (denying motion to dismiss or join indispensable party where non-joined party was a party to the contract but the representations and warranties at issue involved only the named defendant).

Plaintiff had a right, as a matter of law, to voluntarily dismiss DLWS as a party to this case without a court order because DLWS had filed neither an answer nor a motion for summary judgment at the time Plaintiff filed its Notice of Dismissal. Fed. R. Civ. P. 41(a)(1)(A)(I). After the dismissal of the non-diverse and dispensable party, DLWS, there is complete diversity amongst the remaining parties in this action and diversity jurisdiction is established.

### III. Conclusion

Accordingly, Defendant Barone's motion to dismiss (Doc. No. 9) is denied.

IT IS SO ORDERED.

                                               S/ *David A. Katz*
                                               DAVID A. KATZ
                                               U. S. DISTRICT JUDGE